### Ex parte ALFRED NOWABBI.

No. A-5094. Opinion Filed March 11, 1925.
(233 Pac. 784.)

(Syllabus.)

1.  **Bail—Right of Accused in Capital Cases to Bail—Judicial Discretion.** Habeas corpus to obtain bail. Held, that in capital cases the accused is entitled to bail before trial, as a matter of absolute right, unless the proof of guilt is evident, or the presumption thereof is great. Held, further, when proof of guilt is evident, or the presumption thereof is great, the granting or refusing of bail is a matter of judicial discretion.

2.  **Same—Person Accused of Murder Held not Entitled to Bail as Matter of Strict Legal Right, But Allowed as Matter of Discretion.** Upon the record presented in this application, it is held, first, that petitioner is not entitled to bail as a matter of strict legal right; second, that for reasons stated in the opinion bail allowed as a matter of discretion.

Petition by Alfred Nowabbi for writ of habeas corpus to be admitted to bail. Bail allowed on rehearing.

Warren & Welch, for petitioner.

George F. Short, Atty. Gen., N. W. Gore, Asst. Atty. Gen., and M. W. Gross, Co. Atty., for respondent.

DOYLE, J. The petition filed on behalf of Alfred Nowabbi, March 28, 1924, for the writ of habeas corpus to be admitted to bail, shows that he was committed by W. T. Echols, a justice of the peace of Choctaw county, after a preliminary examination and without bail, to answer to the district court of that county upon a charge of murder, alleged to have been committed on March 10, 1924, by shooting Nellie Nowabbi, his wife. An application for bail was made to the judge of the district court, and the same was denied.

On application to this court, a rule to show cause issued, returnable April 4, 1924, at which time the cause was submitted. It is averred that the proof of his guilt is not evident, nor the presumption thereof great, which will appear from a transcript of the testimony taken upon said preliminary examination attached to said petition.

Counsel for petitioner contend that he is entitled to bail as a matter of legal right under Const. art. 2, § 8 providing:

"All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great."

This court has held that under the constitutional provision one charged with a capital offense is entitled to bail as a legal right, "unless the proof of guilt is evident, or the presumption thereof is great," and this court has further held that said constitutional provision does not forbid bail in a capital case where the proof of guilt is evident or the presumption thereof is great; in such a case the granting or refusing of bail is a

matter of judicial discretion. On April 8th, the writ was denied and bail refused.

A petition for rehearing was duly filed, and by leave of court an amended petition was filed, averring that petitioner is now in ill health; that he is suffering from tuberculosis and malarial fever, and has become afflicted with a serious kidney trouble, likely to terminate fatally in the event he is continued in confinement through the summer months, and that there will be no trial of criminal cases in said district court until the month of October, 1924.

The affidavits of three physicians engaged in the general practice in Choctaw county to the effect that said petitioner was suffering to some extent from tuberculosis and Bright's disease, and that he has malarial fever, are attached thereto.

On May 20, 1924, a rehearing was granted, and upon a careful consideration of proof offered in support of the amended petition, it was adjudged and ordered that petitioner should now be allowed bail, not as a matter of legal right, but as a matter of discretion, and that bail should be fixed in the sum of $25,000, and that he be released from custody upon his executing and causing to be filed with and approved by the court clerk of Choctaw county a good and sufficient bond in said sum, conditioned as by law required.

MATSON, P. J., and BESSEY, J., concur.